**Bud WOLF, Plaintiff—Appellant,**

v.

**Marlene COFFEY; et al., Defendants— Appellees.**

No. 03–15796.

D.C. No. CV–01–00268–WDB.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 2003.*

Decided Sept. 22, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bud Wolf, Buckeye, AZ, pro se.

Paul Carter, Tucson, AZ, for Defendants–Appellees.

Before B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

### MEMORANDUM**

Bud Wolf, an Arizona state prisoner, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that prison authorities exhibited deliberate indifference to his safety by refusing to place him in protective segregation ("PS") despite knowing that he had been targeted by inmates belonging to the Aryan Brotherhood. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review summary judgment de novo. *See Morrison v. Hall,* 261 F.3d 896, 900 (9th Cir. 2001). We affirm in part, reverse in part, and remand.

■ The district court properly dismissed Wolf's claim that defendant Stewart failed to enforce the prison policy which instructs prison officials to remove gang members from the general prison population because Wolf admitted that he did not exhaust administrative remedies with regard to this issue. *See Booth v. Churner,* 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

** This disposition is not appropriate for publication and may not be cited to or by the

■ The district court properly dismissed Wolf's claim against defendant Coffey because Wolf provided no evidence that she personally participated in the alleged constitutional deprivation. *See Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989).

■ However, the district court improperly dismissed Wolf's claim against Warden Parin because there is a triable issue as to whether Parin exhibited deliberate indifference to serious threats to Wolf's safety after Wolf was stabbed in the head. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). After the stabbing, a committee recommended that Wolf be placed in PS, but Parin overruled the recommendation without explanation. After the denial of PS, Wolf attempted suicide and was hospitalized. Parin did not reconsider his decision to deny Wolf PS; rather Wolf was placed in a maximum security general population yard where he was once again assaulted. Under these facts, a genuine issue exists as to whether Parin knew of and disregarded an excessive risk to Wolf's safety. *See Farmer v. Brennan,* 511 U.S. at 837. In light of our holding, we do not reach the issue of qualified immunity. *See Anderson v. Creighton,* 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

The district court properly dismissed Wolf's claim against PS Administrator Montano because Wolf did not provide any evidence that Montano personally participated in the decision to place Wolf in a maximum security yard. *See Taylor v. List,* 880 F.2d at 1045.

Wolf's motion for default judgment is denied as moot.

The parties shall bear their own costs.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

AFFIRMED in part, REVERSED in part, and REMANDED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

